IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEVIN PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-946-RAH-KFP |
| | ) | |
| STATE ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 1, 2025, pro se Plaintiff Devin Pugh filed this action against "State Alabama," Governor Kate Ivey, and Crenshaw County. Doc. 1. Pugh was previously granted leave to proceed in forma pauperis, which obligates the Court to undertake review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). Upon § 1915 review, the undersigned recommends that the case be dismissed for lack of subject matter jurisdiction, without leave to amend. The undersigned further recommends that Pugh be declared vexatious and be appropriately sanctioned going forward.

## I.     LEGAL STANDARD

### A. Section 1915

28 U.S.C. § 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate[.]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (discussing 28 U.S.C. § 1915(d) which is now 28 U.S.C. § 1915(e)). Generally, a litigant who pays the filing fee does not

file frivolous suits "because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits[.]" *Id.* Under § 1915, a court may dismiss an in forma pauperis complaint if it is frivolous, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). An action is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Courts have the discretion to dismiss cases sua sponte pursuant to § 1915(e)(2) prior to the issuance of process. *Neitzke*, 490 U.S. at 327.

Pro se pleadings are held to a less stringent standard than those drafted by an attorney and should be liberally construed by courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Yet, the leniency afforded pro se litigants does not allow the Court to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Pro se pleadings still must comply with the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005)[1] (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Dismissal under § 1915 is governed by the same standard as a motion to dismiss for any other civil action. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (referencing Fed. R. Civ. P. 12(b)(6)).

---

[1] Here, and elsewhere in this Order, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

**B. Subject Matter Jurisdiction**

Federal courts have limited jurisdiction and possess only the power authorized by statute or the Constitution. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). In recognition of the states' power "to determine controversies in their own courts" and in support of "fundamental principles of separation of powers," federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). When "a complaint's factual allegations 'do not assure the court it has subject matter jurisdiction,' then the district court is 'constitutionally obligated to dismiss the action altogether.'" *McQueary v. Child Support Enf't*, 812 F. App'x 911, 913 (11th Cir. 2020) (quoting *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

"Federal subject-matter jurisdiction is proper only when (1) a plaintiff's claim involves a federal question, or (2) there is diversity among the parties." *Davis*, 357 F. App'x at 238 (citing 28 U.S.C. §§ 1331, 1332). For diversity jurisdiction, the amount in controversy must exceed $75,000 and the action must be between citizens of different states. 28 U.S.C. § 1332(a). Alternatively, federal question jurisdiction exists over civil actions arising under federal law. 28 U.S.C. § 1331. "As a general rule, a case arises under federal law only if . . . federal law . . . creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction

exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In other words, the complaint must plainly invoke federal law as a basis for relief. *Am. Prods. Prod. Co. Pinellas Cnty., Inc. v. Armstrong*, 674 F. Supp. 3d 1118, 1122 (M.D. Fla. 2023).

It follows that passing references to federal law are not enough. *Madzimoyo v. Bank N.Y. Mellon Tr. Co., N.A.*, 440 F. App'x 728, 730–31 (11th Cir. 2011) (explaining that complaints raise federal questions "when the suit relies on a federal cause of action or where 'the vindication of a right under state law necessarily turned on some construction of federal law'"); *Ramos v. Sec'y, Fla. Dep't Corr.*, 441 F. App'x 689, 697 (11th Cir. 2011) (explaining that passing references to federal law are akin to "needles in the haystack," that do not put the court on notice of a federal issue). To raise a federal issue, a claim must actually hinge on federal law. *Diaz*, 85 F.3d at 1506. A claim hinges on federal law when resolving a question of federal law is essential or necessary to resolving the claim. *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998); *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

### C. Imposing Sanctions for Vexatious Litigation

"The Supreme Court has long recognized that citizens have a right of access to the courts." *Broudy v. Mather*, 460 F.3d 106, 117 (D.C. Cir. 2006) (citing *Chambers v. Baltimore & O.R. Co.*, 207 U.S. 142, 148 (1907)). However, it has also recognized that this right is neither absolute nor unconditional. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III

4

functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984), *cert denied*, 474 U.S. 1061 (1986)).

"[P]ro se litigants who attempt to use the courts for improper purposes present a significant challenge to courts throughout the country." *Ho v. Warren*, 2021 WL 5494374, at *1 (M.D. Fla. Nov. 23, 2021); *Procup*, 792 F.2d at 1072 ("Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate [judge], or the [district] judge."). On the one hand, courts are obliged to treat pro se pleadings with leniency. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On the other hand, especially when such plaintiffs are judgment-proof and unlicensed to practice law, the threats of monetary sanctions and reporting to bar regulatory authorities, which stop improper behavior by lawyers, frequently do nothing to deter their vexatious conduct. *Emrit v. DeVos*, 2020 WL 9078298, at *2 (M.D. Fla. Apr. 20, 2020). But that does not mean that courts are "powerless to protect the public" from those "who abuse the process . . . to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." *Martin-Trigona*, 737 F.2d at 1262 (quoting *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981), *cert denied*, 455 U.S 1018 (1982)).

The Court has the power to sanction vexatious and abusive conduct as a function of its "inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *See Equity Lifestyle Props., Inc. v. Fla. Moving & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *Procup*, 792 F.2d at 1071–74. District courts have

"considerable discretion" to craft creative solutions to abusive litigation tactics. *Barash v. Kates*, 58 F. Supp. 2d 1323, 1325 (S.D. Fla. 2008) (citing *Martin-Trigona*, 986 F.2d at 1387; *Procup*, 792 F.2d at 1072–73). "For example, courts have entered orders which (1) enjoin 'prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances;' (2) require 'litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing;' and, (3) direct 'the litigant to seek leave of court before filing pleadings in any new or pending lawsuit.'" *Id.* (quoting *Procup*, 792 F.2d at 1072–73). Accordingly, this Court reserves the right to impose similar sanctions on a vexatious plaintiff, as long as they are narrowly tailored and do not "completely foreclose[]" such plaintiff "from *any* access to the Court." *Martin-Trigona*, 986 F.2d at 1387 (citing *Procup*, 792 F.2d at 1074).

## II.    PLAINTIFF'S COMPLAINT

In his handwritten Complaint, Pugh alleges that the State of Alabama has violated his 5th and 14th Amendment rights by failing to provide adequate public transit between each of its counties. Doc. 1 at 1–2. He alleges, "I have the constitutional right to not have my deprived life or limbs put in jeopardy or at risk and liberty to move from one place to another under the 14th amendment, therefore I have the constitutional right to safe public transportation." *Id.* at 2. He also alleges, "I have suffered in Crenshaw County because I am disabled." *Id.* His claim, or claims, are not separated into individual counts. Pugh seeks relief in the form of "governor executive order, writ of mandamus, or injunction for all counties with in [sic] the State to establish a public transportation system." *Id.*

6

This is at least the second action that Pugh has filed in this Court on almost identical grounds and seeking similar relief. *See Pugh v. Donald J. Trump*, Case No. 2:25-CV-561-RAH-KFP.

## III.    DISCUSSION

After reviewing Pugh's Complaint under § 1915, the Court concludes that it lacks subject matter jurisdiction over this matter. Further, because Pugh has repeatedly filed frivolous actions before this Court to the detriment of court resources and failed to follow court instructions when previously given leave to amend, amendment here would be futile. Finally, because the undersigned has previously warned Pugh that filing additional frivolous actions would warrant sanctions, the undersigned recommends that Pugh be required to pay the filing fee if he chooses to file civil actions before the Court in the future or that the Court summarily dismiss any filing without prejudice.

### A. Dismissal for Lack of Subject Matter Jurisdiction

The Complaint is due to be dismissed for lack of subject matter jurisdiction because Pugh has not asserted facts showing that this Court has federal jurisdiction over this matter. Pugh has not alleged that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. He makes no claim that the parties are completely diverse nor does he allege any amount in controversy.

Neither does Pugh provide any federal legal bases for relief beyond simply stating that his 5th and 14th Amendment rights were violated. Pugh repeatedly states that he has a right to public transit, and that he suffered some deprivation on account of a disability. However, Pugh does not provide any specific facts supporting these claims. *See McQueary*,

812 F. App'x at 913 ("When a plaintiff sues in federal court, she must affirmatively allege facts that, taken as true, show the existence of federal subject matter jurisdiction."). Therefore, his invocation of the Constitution is a passing reference, *Madzimoyo*, 440 F. App'x 728, 730–31; *Ramos*, 441 F. App'x at 697, which is not enough to establish a federal cause of action, *Diaz*, 85 F.3d at 1506; *Jairath*, 154 F.3d at 1282. Because Pugh's Complaint fails to adequately plead jurisdiction, the Court is "constitutionally obligated to dismiss the action altogether." *Travaglio*, 735 F.3d at 1268–69.

### B.  Amendment Would Be Futile

Normally, courts provide at least one opportunity for a pro se party to amend their complaint before dismissing the action. *See Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (per curiam). However, a district court may dismiss a complaint without leave to amend when amendment would be futile. *Swinford v. Santos*, 121 F.4th 179, 192 (11th Cir. 2024). Amendment is considered futile if "the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Accordingly, courts have dismissed complaints that contain "nonsensical" claims or that are "wholly insubstantial and frivolous" on futility grounds. *E.g.*, *Henry*, 773 F. App'x at 597.

Here, the Court finds the Complaint "wholly insubstantial and frivolous" because it contains no factual allegations to support Pugh's claim. Further, Pugh has not provided a plausible foundation for asserting that a constitutional right to public transportation. *See McQueary*, 812 F. App'x at 913. Because his central claim lacks plausible merit, any amendment would waste judicial resources.

8

The Court also finds that amendment would be futile because Pugh has failed to remedy frivolous complaints in previous cases before the undersigned when given leave to amend.[2] This Court has explained to Pugh that complaints must comply with the Federal Rules of Civil Procedure.[3] Pugh has been instructed that complaints must "clearly indicat[e] which specific factual allegations provide support for which claims against the named defendant[.]"[4] Pugh is well aware of the Federal Rules of Civil Procedure and fails to follow them.

Moreover, the Court notes that this is not Pugh's first frivolous filing. On December 11, 2024, Pugh filed his first case with this Court, which was subsequently dismissed as legally frivolous. *Pugh v. U.S. Dep't of Just.*, Case No. 2:24-cv-798-ECM-SMD. A few weeks later, Pugh filed *Pugh v. S. Cent. Mental Health Ctr.*, which the Court separated into 24 separate civil actions on January 3, 2025.[5] Since then, Pugh has filed approximately 34

---

[2] *See Pugh v. Amazon Marketplace*, Case No. 2:25-cv-010-ECM-KFP (Doc. 20) (entered May 30, 2025); *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP (Doc. 21) (entered May 29, 2025).

[3] *Pugh v. Amazon Marketplace*, Case No. 2:25-cv-010-ECM-KFP (Doc. 20 at 3); *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP (Doc. 21 at 2).

[4] *Pugh v. Amazon Marketplace*, Case No. 2:25-cv-010-ECM-KFP (Doc. 20 at 3); *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP (Doc. 21 at 3).

[5] *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP; *Pugh v. S. Cent. Mental Health Ctr.*, Case No. 2:24-cv-836-ECM-JTA; *Pugh v. Coffee Cnty.*, Case No. 1:25-cv-030-RAH-SMD; *Pugh v. Amazon Marketplace*, Case No. 2:25-cv-010-ECM-KFP; *Pugh v. HHH Motorcycle Seller*, Case No. 2:25-cv-012-MHT-CWB; *Pugh v. Colbert Cnty.*, Case No. 2:25-cv-013-RAH-KFP; *Pugh v. Conecuh Cnty.*, Case No. 2:25-cv-014-RAH-JTA; *Pugh v. Autauga Cnty.*, Case No. 2:25-cv-015-ECM-KFP; *Pugh v. Barbour Cnty.*, Case No. 2:25-cv-016-MHT-KFP; *Pugh v. Bibb Cnty.*, Case No. 2:25-cv-017-RAH-CWB; *Pugh v. Blount Cnty.*, Case No. 2:25-cv-018-RAH-CWB; *Pugh v. Bullock Cnty.*, Case No. 2:25-cv-019-ECM-CWB; *Pugh v. Butler Cnty.*, Case No. 2:25-cv-020-MHT-SMD; *Pugh v. Calhoun Cnty.*, Case No. 2:25-cv-021-MHT-KFP; *Pugh v. Cherokee Cnty.*, Case No. 2:25-cv-023-RAH-SMD; *Pugh v. Chilton Cnty.*, Case No. 2:25-cv-025-ECM-CWB; *Pugh v. Choctaw Cnty.*, Case No. 2:25-cv-026-RAH-SMD; *Pugh v. Clarke Cnty.*, Case No. 2:25-cv-027-MHT-JTA; *Pugh v. Clay Cnty.*, Case No. 2:25-cv-028-MHT-SMD; *Pugh v. Cleburne Cnty.*, Case No. 2:25-cv-029-MHT-KFP; *Pugh v. Crenshaw Cnty.*, Case No. 2:25-cv-031-ECM-KFP; *Pugh v. U.S. Dep't. of Educ.*, Case No. 2:25-cv-032-RAH-CWB; *Pugh v. Alphabet Inc.*, Case No. 2:25-cv-033-ECM-JTA; *Pugh v. Baldwin Cnty.*, Case No. 2:25-cv-034-RAH-SMD; *Pugh v. Chambers Cnty.*, Case No. 3:25-cv-022-RAH-KFP.

additional lawsuits in the Middle District.[6] Of these 60 lawsuits, at least 21 have been dismissed. At least eight have been dismissed for failure to comply with a Court order, failure to pay the filing fee, and failure to prosecute.[7] At least four have been dismissed for failure to file an amended complaint as ordered,[8] at least two have been dismissed for legal frivolity,[9] two have been dismissed for failure to state a claim and failure to comply with a Court order,[10] five have been dismissed for improper venue,[11] and at least two have been dismissed for failure to pay the fee or file a motion to proceed in forma pauperis as

---

[6] *Pugh v. State Alabama et al.*, Case No. 2:25-cv-757-RAH-SMD; *Pugh v. Cleveland Poole*, Case No. 2:25-cv-706-RAH-JTA; *Pugh v. Ole Hotel et al.*, Case No. 2:25-cv-612-MHT-CWB; *Pugh v. Department of Motorvehile*, Case No. 2:25-cv-613-ECM-KFP; Pugh *v. Ur Chat*, Case No. 2:25-cv-562-ECM-KFP; *Pugh v. Chime PrePaid Card*, Case No. 1:25-cv-501-RAH-JTA; *Pugh v. Ala. Dep't of Mental Health*, Case No. 2:25-cv-51-MHT-KFP; *Pugh v. Dep't of Mental Health and Hum. Servs.*, Case No. 2:25-cv-053-RAH-JTA; *Pugh v. Nat'l Bar Ass'n*, Case No. 2:25-cv-054-MHT-CWB; *Pugh v. Bonds*, Case No. 2:25-cv-077-MHT-SMD; *Pugh v. Poole*, Case No. 2:25-cv-372-RAH-JTA; *Pugh v. Crenshaw Cnty. Jail*, Case No. 2:25-cv-374-MHT-CSC; *Pugh v. Bryan*, Case No. 2:25-cv-381-MHT-JTA; *Pugh v. McDonalds Rest. Franchise*, Case No. 2:25-cv-421-ECM-SMD; *Pugh v. Butler Cnty. Jail*, Case No. 2:25-cv-477-RAH-CSC; *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-585-MHT-JTA; *Pugh v. Poole*, Case No. 2:25-cv-371-ECM-KFP; *Pugh v. Air BNB*, Case No. 2:25-cv-521-ECM-SMD; *Pugh v. Autauga*, Case No. 2:25-cv-525-RAH-KFP; *Pugh v. Alabama*, Case No. 2:25-cv-553-RAH-SMD; *Pugh v. Autauga*, Case No. 2:25-cv-554-MHT-CWB; *Pugh v. Alabama*, Case No. 2:25-cv-555-ECM-JTA; *Pugh v. Trump*, Case No. 2:25-cv-561-RAH-KFP; *Pugh v. Folmer*, Case No. 2:25-cv-572-ECM-SMD; *Pugh v. Greyhound Bus Co.*, Case No. 2:25-cv-573-MHT-SMD; *Pugh v. U.S. Dep't of Justice*, Case No. 2:25-cv-574-RAH-CWB; *Pugh v. Facebook*, Case No. 2:25-cv-575-ECM-CWB; Pugh *v. DEA*, Case No. 2:25-cv-580-MHT-CWB; *Pugh v. Medicaid*, Case No. 2:25-cv-581-MHT-KFP; *Pugh v. Dep't/Agency Gov. Rural Dev.*, Case No. 2:25-cv-582-MHT-CWB; *Pugh v. C&U Auto*, Case No. 2:25-cv-583-MHT-KFP; *Pugh v. Delta Airlines*, Case No. 2:25-cv-584-RAH-CWB.

[7] *Pugh v. Coffee Cnty*, Case No. 1:25-cv-030-RAH-SMD; *Pugh v. Conecuh Cnty.*, Case No. 2:25-cv-014-RAH-JTA; *Pugh v. Bibb Cnty.*, Case No. 2:25-cv-017-RAH-CWB; *Pugh v. Butler Cnty.*, Case No. 2:25-cv-020-MHT-SMD; *Pugh v. Cherokee Cnty.*, Case No. 2:25-cv-023-RAH-SMD; *Pugh v. Chilton Cnty.*, Case No. 2:25-cv-025-ECM-CWB; *Pugh v. Clay Cnty.*, Case No. 2:25-cv-028-MHT-SMD; *Pugh v. Alphabet Inc.*, Case No. 2:25-cv-033-ECM-JTA.

[8] *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP; *Pugh v. HHH Motorcycle Seller*, Case No. 2:25-cv-012-MHT-CWB; *Pugh v. U.S. Dep't of Educ.*, Case No. 2:25-cv-032-RAH-CWB; *Pugh v. Nat'l Bar Ass'n*, Case No. 2:25-cv-054-MHT-CWB.

[9] *Pugh v. State Alabama, et al.*, Case No. 2:25-cv-757-RAH-SMD; Pugh *v. U.S. Dep't of Justice*, Case No. 2:24-cv-798-ECM-SMD.

[10] *Pugh v. S. Cent. Mental Health Ctr.*, Case No. 2:24-cv-836-ECM-JTA; *Pugh v. Dep't of Mental Health and Hum. Servs.*, Case No. 2:25-cv-053-RAH-JTA.

[11] *Pugh v. Colbert Cnty.*, Case No. 2:25-cv-013-RAH-KFP; *Pugh v. Blount Cnty.*, Case No. 2:25-cv-018-RAH-CWB; *Pugh v. Calhoun Cnty.*, Case No. 2:25-cv-021-MHT-KFP; *Pugh v. Choctaw Cnty.*, Case No. 2:25-cv-026-RAH-SMD; *Pugh v. Cleburne Cnty.*, Case No. 2:25-cv-029-MHT-KFP.

ordered.[12] Pugh's filings increased significantly in July 2025, wherein he filed 16 lawsuits, sometimes multiple actions on the same day.[13]

Accordingly, because Pugh has repeatedly failed to remedy "nonsensical" and "wholly insubstantial and frivolous" complaints when given leave in the past, this Court concludes that it is proper to dismiss Pugh's Complaint in this action on frivolity grounds without leave to amend. *Henry*, 773 F. App'x at 597; *Cockrell*, 510 F.3d at 131.

### C. Imposing Sanctions on Vexatious Litigants

In response to Pugh's recent frivolous case with facts identical to this one, the undersigned warned Pugh that continuing to engage in offensive litigation conduct—filing frivolous lawsuits without a jurisdictional basis—will result in "an appropriate injunction tailored to prevent future abuse." *Pugh v. Trump*, Case No. 2:25-cv-561-RAH-KFP (Doc. 9 at 9). In that warning, the undersigned specifically referenced that it may reinstate the filing fee requirement on Pugh, notwithstanding his indigency, in order to deter future vexatious behavior. *Id.*; *Murphy v. Ala. Mental Health Auth., et al.*, 2:25-cv-771-MHT-KFP (Doc. 17) (sanctioning plaintiff for frivolous filings by declaring her a vexatious litigant and requiring that future frivolous pleadings be summarily dismissed without prejudice or plaintiff be ordered to pay a filing fee before proceeding); 28 U.S.C. § 1651(a).

Indeed, "proceeding in forma pauperis is a privilege, not a right," and the courts cannot be expected to guarantee free access to litigants who abuse the system. *Camp v.*

---

[12] *Pugh v. Chambers Cnty.*, Case No. 3:25-cv-022-RAH-KFP; *Pugh v. Bryan et al.*, 2:25-cv-381-MHT-JTA.
[13] For example, on July 25, 2025, Plaintiff filed four cases. *Pugh v. Folmer*, Case No. 2:25-cv-572-ECM-SMD; *Pugh v. Greyhound Bus Co.*, Case No. 2:25-cv-573-MHT-SMD; *Pugh v. U.S. Dep't of Justice*, Case No. 2:25-cv-574-RAH-CWB; *Pugh v. Facebook*, Case No. 2:25-cv-575-ECM-CWB.

*Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (explaining that in forma pauperis status is provided at the Court's discretion); *cf. Daker v. Jackson*, 942 F.3d 1252, 1257 (11th Cir. 2019) (referencing 28 U.S.C. § 1915(g)'s imposition of a filing fee on frivolous inmate complaints). Because Pugh has chosen to file a virtually identical lawsuit after receiving this Court's warning, the Court finds that requiring Pugh to pay the filing fee in civil cases and be enjoined from filing future frivolous cases going forward is the appropriate sanction to deter future abuse. The Court finds that this sanction is narrowly tailored such that it does not unduly foreclose his access to the federal courts. *See Martin-Trigona*, 986 F.2d at 1387.

## IV.   CONCLUSION

For the above reasons, the undersigned RECOMMENDS the following:

1. This action be DISMISSED for lack of subject matter jurisdiction without leave to amend;

2. Pugh be DECLARED a vexatious litigant; and

3. As a consequence of Pugh's vexatious filing of frivolous pleadings, if Pugh files another frivolous pleading in the future, after conducting an appropriate review, the Court shall either (a) summarily dismiss the case without prejudice, or (b) order Pugh to pay the filing fee before he is allowed to proceed.

Further, it is ORDERED that by **February 19, 2026**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which

the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

Done this 5th day of February, 2026.

_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

13